NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3747-15T4

JOHN JAMES PIERSON,

 Plaintiff-Appellant,

v.

NANNETTE PIERSON,

 Defendant-Respondent.

 Submitted October 11, 2017 – Decided November 6, 2017

 Before Judges Carroll and Leone.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Morris
 County, Docket No. FM-14-0348-06.

 Kozyra & Hartz, LLC, attorneys for appellant
 (Judith A. Hartz, of counsel and on the brief;
 Michael A. Mattessich, on the brief).

 Respondent has not filed a brief.

PER CURIAM

 In this post-judgment matrimonial matter, plaintiff John

Pierson appeals from certain provisions of a January 29, 2016

order, and an April 26, 2016 order denying reconsideration.

Pursuant to these orders, plaintiff was required to reimburse
defendant Nannette Pierson $258,100, representing one-half the

rental value of the former marital residence during the period

that plaintiff occupied the home after the divorce. Additionally,

plaintiff was prohibited from having any further involvement in

the sale of the former marital home, and ordered to reimburse

defendant $16,566 for past health insurance costs. Finding no

basis to disturb these orders, we affirm.

 The parties were married in October 1985 and have two children

who are emancipated. The judgment of divorce and a supplemental

judgment of divorce resulted from a settlement between the parties

on various issues. Notably, the marital home had previously been

listed for sale, and the parties agreed to again immediately relist

it for sale.

 A four-day trial ensued on the remaining contested issues,

following which the court entered a second supplemental judgment

of divorce on July 30, 2007. In relevant part, the second

supplemental judgment granted plaintiff sole and exclusive

possession of the marital home; ordered defendant to vacate the

home by September 1, 2007; and directed plaintiff to pay defendant

$50,000 as an advance on equitable distribution for the first year

after the divorce and another $50,000 for the second year if the

marital home was not sold by then.

 2 A-3747-15T4
 Defendant appealed the second supplemental judgment. Among

other things, defendant challenged her involuntary removal from

the residence; the amount of interim support she was to receive

between her removal and the sale of the residence; and the

responsibility for payment of her health insurance coverage.

 In an unpublished opinion, we affirmed in part and reversed

in part. Pierson v. Pierson, No. A-1930-07 (App. Div. March 18,

2010) (slip op. at 18). Pertinent to the issues raised in the

present appeal, we determined:

 The trial judge abused his discretion in
 failing to compensate [defendant] for
 [plaintiff's] continuing use of the joint
 residence from which she had been excluded.
 Consequently, we reverse that aspect of the
 second supplemental judgment and remand to the
 Family Part for calculation of [defendant's]
 share of the rental value of the marital
 residence from the time she moved out through
 the time of sale.

 [Id. at 14].

 We further noted that the parties had not agreed on their

ongoing responsibility for defendant's health insurance and

reserved this dispute for trial. Id. at 16. Although the trial

court denied defendant relief on this issue, it did not state its

reasons for doing so. Ibid. Consequently, we reversed that

portion of the second supplemental judgment and remanded the issue

for decision by the trial court. Ibid.

 3 A-3747-15T4
 It appears the case then laid dormant in the trial court for

several years. In April 2015, defendant filed a motion in aid of

litigant's rights seeking various forms of relief, in accordance

with our 2010 decision. She explained she delayed seeking relief

due to health issues. Specifically, defendant sought to: (1)

eliminate plaintiff from any decision-making authority in the sale

of the former marital home and grant her the exclusive right to

conduct negotiations; (2) appoint a receiver to collect mortgage

payments and oversee the sale of the home; (3) establish a fair

rental value for the home and compel plaintiff to pay her monthly

rent; (4) compel plaintiff to pay her health insurance premiums;

and (5) compel plaintiff to pay her counsel fees and costs.

 Plaintiff opposed the motion. He also filed a cross-motion

seeking to: (1) suppress the certification of defendant's counsel;

(2) suppress defendant's expert report regarding the home's rental

value as unreliable and incomplete; (3) schedule a case management

conference (CMC) and/or appoint a mediator; and (4) schedule a

plenary hearing. Plaintiff also sought an award of counsel fees

and costs.

 The motions were assigned to Judge Catherine Enright, who was

not the trial judge. On July 24, 2015, Judge Enright entered an

order accompanied by an eleven-page statement of reasons. The

judge granted defendant's request that plaintiff pay her one-half

 4 A-3747-15T4
the fair market rental value of the home. However, the judge

noted defendant's expert report was "not certified nor subject to

cross-examination at this stage." Accordingly, the judge

appointed a neutral expert, Professional Appraisal Associates, to

determine the home's rental value. She elaborated:

 As confirmed by the Appellate Division,
 [p]laintiff essentially has been living in a
 joint asset without paying rent to the co-
 owner. It appears also that [p]laintiff has
 not been paying the mortgage on the marital
 home. In fact, the mortgage has increased
 since the time of final hearing eight years
 ago. This fact is addressed below, but
 [p]laintiff remains responsible to compensate
 [d]efendant for his continued possession of
 the marital home from the time she moved out
 of [it] through the time of its sale. The
 amount of compensation can be calculated once
 appropriate proofs are provided to the [c]ourt
 regarding the home's fair market rental value.

 Regarding the sale of the former marital home, Judge Enright

ruled:

 It appears the trial court presumed that the
 marital home would have been sold well before
 now, but almost eight years post-divorce, the
 marital home has still not sold. The [c]ourt
 understands that there have been situations
 that have arisen, outside the control of the
 parties, but it is time the marital home was
 aggressively marketed and sold. Therefore,
 both parties are to comply with all aspects
 of the sale of the marital home. Plaintiff
 is to keep the home in presentable condition,
 be available for open houses and showings, and
 abide by all recommendations of the realtor,
 including a listing price. The parties are
 to accept any reasonable offers to purchase

 5 A-3747-15T4
 the marital home as recommended by the
 realtor. Also, counsel are to obtain a
 written status report from the realtor on a
 weekly basis. With this finding, the [c]ourt
 DENIES [d]efendant's request to eliminate
 [p]laintiff from the decision-making process
 as to the sale of the marital home and also
 DENIES her request for a receiver.

 Judge Enright noted her obligation to address the issue of

defendant's health insurance costs in accordance with our prior

remand. However, the judge found both parties' proofs on this

issue deficient. Consequently, she directed that defendant submit

proof of her health insurance premium costs, and the parties

exchange financial information, within sixty days. The judge

further indicated that, "[f]ollowing this exchange of information,

either party may file the appropriate application regarding the

issue of reimbursement for [d]efendant's health insurance costs

post-judgment."

 The judge denied, without prejudice, plaintiff's requests to

appoint a mediator and schedule a CMC and plenary hearing. After

the court-appointed experts1 rendered their reports, the parties

were directed to submit to a post-judgment Early Settlement Panel

(ESP), followed by mediation pursuant to Rules 5:5-5 and 5:5-6.

1
 The judge also appointed an expert accountant to calculate the
enhanced amount of penalties and interest that accrued as a result
of the late filing of the parties' 2005 tax returns. This issue
is not before us in the present appeal.

 6 A-3747-15T4
At the conclusion of this process, the judge would "determine what

proceedings, if any, need to be scheduled."

 Professional Appraisal Associates filed its report on October

26, 2015. It concluded that the fair market value rent for the

marital home during the years 2008 through 2015 was $5800 per

month. Additionally, defendant submitted proof of her health

insurance premium costs as Judge Enright required.

 Despite Judge Enright's order, the parties did not submit

their disputes concerning the sale of the former marital home and

its rental value to an ESP or post-ESP mediation. Instead,

defendant filed a second motion in aid of litigant's rights on

December 16, 2015. Defendant sought to enter judgment against

plaintiff for $258,100 for her one-half share of the rental value

of the home and $16,566 for past health insurance costs; to

preclude plaintiff from being involved in the sale of the home;

to compel plaintiff to pay an exterminator to rid the home's

basement of snakes; and an award of counsel fees. Plaintiff

opposed the motion and again requested a plenary hearing.

 The motion was assigned to Judge Maritza Berdote Byrne, who

conducted oral argument on January 29, 2016. The judge ordered

plaintiff to reimburse defendant one-half the rental value of the

former marital home at the rate of $2900 per month from July 2008

through October 2015, and accordingly entered judgment against

 7 A-3747-15T4
plaintiff for $258,100. The judge reserved both parties' rights

with respect to any future rental income owed to each other from

November 1, 2015, onward.

 Judge Byrne also prohibited plaintiff from further

involvement in the sale of the marital home, and appointed an

attorney in fact to execute all documents for the sale of the home

on plaintiff's behalf. The judge determined this relief was

warranted

 [b]ased on the long history in this case of
 non-sale of the marital home despite an
 agreement by both parties in 2007 to list and
 sell the marital home, [and] also based on
 plaintiff's lack of any payment of the
 mortgage to the marital home and the proofs
 submitted by [] defendant[.]

 Judge Byrne entered judgment against plaintiff for $16,566

for defendant's past health insurance costs. The judge noted that

plaintiff failed to submit financial documentation to dispute the

amount claimed by defendant, contrary to Judge Enright's July 23,

2015 order.

 Finally, Judge Byrne granted defendant's request for counsel

fees and costs. She reasoned:

 This motion to enforce litigant's rights would
 have been obviated had [plaintiff] submitted
 himself to [an] ESP and/or mediation and had
 he submitted the financial documents as
 required by Judge Enright's July 2015 order.

 8 A-3747-15T4
 Defendant has completely complied with her
 discovery obligations and what I find
 particularly in bad faith is that even . . .
 in opposition to this motion there's [been]
 no attempt [by plaintiff] to comply with that
 order to provide financials.

 Plaintiff timely moved for reconsideration, which Judge Byrne

denied on April 26, 2016. This appeal followed.

 On appeal, plaintiff argues that the trial court erred by:

(1) entering judgment for back rent based on the fair market rental

value determined by the court-appointed expert, without a plenary

hearing; (2) entering judgment for defendant's health insurance

costs without a plenary hearing; (3) failing to follow the

procedure established in the July 24, 2015 order, which required

a post-judgment ESP and mediation; and (4) resolving the contested

issue of whether plaintiff hindered the sale of the home without

a plenary hearing. Plaintiff further argues that he should not

be penalized for the ineffective assistance of his prior attorney,

who was in the midst of disciplinary proceedings that resulted in

his disbarment around the time these motions were pending.

 We conduct a limited review of a trial court's fact-finding

function. "The general rule is that findings by the trial court

are binding on appeal when supported by adequate, substantial,

credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12

(1998)(citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65

 9 A-3747-15T4
N.J. 474, 484 (1974)); see also Gnall v. Gnall, 222 N.J. 414, 428

(2015). It is "only when the trial court's conclusions are so

'clearly mistaken' or 'wide of the mark'" that we will "intervene

and make [our] own findings to ensure that there is not a denial

of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J.

88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v.

G.L., 191 N.J. 596, 605 (2007)); see also Rova Farms Resort, Inc.,

supra, 65 N.J. at 483-84. However, "[a] trial court's

interpretation of the law and the legal consequences that flow

from established facts are not entitled to any special deference."

Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140

N.J. 366, 378 (1995).

 Guided by these standards, we conclude that plaintiff's

arguments lack sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). We affirm the January 29, 2016

order substantially for the reasons expressed in Judge Byrne's

cogent oral opinion. We also affirm the April 26, 2016 order

denying reconsideration because plaintiff failed to show the court

based its earlier decision "upon a palpably incorrect or irrational

basis," or did not "consider, or failed to appreciate the

significance of probative, competent evidence." Cummings v. Bahr,

295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v.

 10 A-3747-15T4
D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). We add only

the following limited comments.

 We reject plaintiff's argument that the judge should have

conducted a plenary hearing. "A plenary hearing is required when

the submissions show there is a genuine and substantial factual

dispute . . . and the trial judge determines that a plenary hearing

is necessary to resolve the factual dispute." Hand v. Hand, 391

N.J. Super. 102, 105 (App. Div. 2007). Here, at no time did

plaintiff offer any competent evidence to contradict the market

rental value of the marital home as determined by the court-

appointed expert. Also, defendant produced documentation of her

health insurance costs, as previously ordered by Judge Enright.

She also produced her prior and current case information statements

and her 2014 tax return. In contrast, plaintiff admittedly failed

to submit any financial documentation that would create a factual

dispute either as to the amount of defendant's health care costs

or his ability to pay those costs. Accordingly, no plenary hearing

was necessary on these issues.

 Among the reasons given by plaintiff for the long delay in

selling the marital home were repairs necessitated by Hurricane

Sandy, renovations suggested by the realtors, environmental

restraints imposed by the New Jersey Department of Environmental

Protection, and the presence of snakes in the basement of the

 11 A-3747-15T4
house due to its proximity to a swamp. Not only were these factors

insufficient to invalidate the expert's opinion as to the rental

value of the home, they were also insufficient to justify

plaintiff's failure to pay the mortgage on the home while he

continued to occupy it. This resulted in the ongoing dissipation

of a substantial marital asset. Coupled with the nine-year delay,

we find no abuse of discretion in Judge Byrne's decision to relieve

plaintiff of any further involvement in the sale rather than

scheduling a plenary hearing to resolve the issue, with the further

delay this would entail.2 For similar reasons, we find no abuse

of discretion in Judge Byrne's decision to decide all issues

encompassed by our 2010 remand, rather than await the results of

an ESP and mediation, especially given her finding that plaintiff

failed to submit to the ESP, mediation, and discovery process

ordered by Judge Enright.

 Finally, we decline to address plaintiff's claims of

ineffective assistance of counsel. Plaintiff has not cited any

case that holds parties to a matrimonial dispute have a

constitutional right to the effective assistance of counsel, and

plaintiff is essentially asserting a legal malpractice claim. We

2
 We note, without deciding, that this issue may be moot since we
have been advised there is now a pending contract of sale on the
property.

 12 A-3747-15T4
will not consider such claims in the first instance on appeal.

Instead, they should be asserted in a malpractice action in the

trial court. We express no opinion on the merits of such an

action, if filed.3

 Affirmed.

3
 We similarly express no opinion on a motion that plaintiff has
contemporaneously filed in the trial court seeking relief from
judgment on this basis, pursuant to Rule 4:50-1 (a) and (f).

 13 A-3747-15T4